# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 18-991V
(not to be published)

|  |  |
|---|---|
| WILLIAM MINSTERMAN, JR, | Chief Special Master Corcoran |
| Petitioner, |  |
| v. | Filed: June 10, 2020 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit (SPU); Attorney's Fees and Costs |
| Respondent. |  |

*Gary A. Butler, Massa Butler Giglione, Pittsburgh, PA, for Petitioner.*

*Lisa Ann Watts, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On July 11, 2018, William Minsterman, Jr. filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barré syndrome as a result of an influenza vaccine he received on October 6, 2015. (Petition at 1-2). On November 19, 2019, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. (ECF No. 31.)

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated April 17, 2020 (ECF No. 35), requesting a total award of $37,360.31 (representing $35,813.83 in fees and $1,546.48 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that Petitioner incurred no out-of-pocket expenses. (ECF No. 35-3). Respondent reacted to the motion on April 28, 2020, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case and defers to the Court's discretion to determine the amount to be awarded. (ECF No. 36). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991).  The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

## ATTTORNEY FEES

Petitioner requests the following rates for the attorneys of Massa Butler Giglione: Rudolph Massa at the rate of $400 per hour for time billed in 2016; Gerald Butler at the rate of $400 per hour for time billed from 2018 – 2020; and $140 per hour for time billed by paralegals. (ECF No. 35-1). I find adjustments are needed to all rates requested.

First, the requested rate for Mr. Massa exceeds the previously-approved rate ($312 per hour) for time billed in 2016. *See Henderson v. Sec'y of Health & Human Servs.,* No. 18-0193V, 2019 WL 7482155 (Fed. Cl. Spec. Mstr. Nov. 26, 2019); *Olsavicky v. Sec'y of Health & Human Servs.*, No 17-1806V, 2020 WL 1670707 (Fed. Cl. Spec. Mstr. Mar 4, 2020). Additionally, the paralegal rate of $140 per hour exceeds the awarded rates of $130 per hour for 2016 and $135 per hour for 2017. *See Henderson; Olsavicky.* I accordingly reduce the rates for Mr. Massa and the paralegals to the previously awarded rates, reducing the overall request for attorney fees by **$126.50**.[3]

Second, the rates requested for attorney Gerard Butler are also too high. Mr. Butler has been a licensed attorney since 1997, placing him in the range of attorneys with 20-30 years' experience based on the OSM Attorney's Forum Rate Schedule. (ECF No. 35 at 2). Although the requested rate is within the appropriate range for attorneys of comparable overall experience, I find it necessary to reduce the rate due to Mr. Butler's lack of *specific* experience in the Vaccine Program.[4] I thus find that the rates of $380 per hour for 2018, and $390 per hour for 2019 to be more appropriate rates for Mr. Butler. But for time billed in 2020, as Mr. Butler has gained experience practicing in the Program, I will award the requested rate of $400 per hour. This reduces the overall amount of recoverable fees by **$1,333.00**.[5]

## ATTORNEY COSTS

Petitioner requests $1,546.48 in overall costs. (ECF No. 35 at 2). This amount is comprised of obtaining medical records and the Court's filing fee. I have reviewed all of

---

[3] This amount consists of ($400 - $312 = $88 x 0.50 hrs = $44) + ($140 - $130 = $10 x 2 hrs = $20) + ($140 - $135 = $5 x 12.50 hrs = $62.50) = $126.50.

[4] This is Mr. Butler's first case in the Vaccine Program. He currently has multiple cases still pending before the Court.

[5] This amount consists of ($400 - $380 = $20 x 55.35 hrs = $1,107) + ($400 - $390 = $10 x 22.6 hrs = $226) = $1,333.00.

the documentation provided for the requested costs, find them to be reasonable, and award the amount in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT in part Petitioner's Motion for attorney's fees and costs. I award a total of **$35,900.81** (representing $34,354.33 in attorney's fees and $1,546.48 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[6]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.